JOSEPH J. BODELL, APPELLEE, v. REAL SECURITIES
INVESTMENT COMPANY, APPELLANT.

Submitted July 2, 1915—Decided November 5, 1915.

The lien of a landlord for rent upon goods of his tenant relates to
the actual seizure of the goods under a distress warrant, and
the lien of a chattel mortgage, duly recorded before such actual
seizure under the distress warrant, is prior to the landlord's lien.

On appeal from the District Court of the city of East
Orange.

The facts of the case, and the legal question involved, are
stated in the following opinion filed in the court below:

"The above is a suit to recover damages for the conversion
of goods by the landlord in derogation of the rights of the
plaintiff, chattel mortgagee. Upon the plaintiff resting his
case, counsel for the defendant moved for a nonsuit on the
ground that section 4 of the Landlord and Tenant act re-
quires the tendering of rent not exceeding one year's rent to
the landlord before any execution or other process can be
executed.

"The facts are these:

"That in June, 1914, one Lambrose, the tenant, executed
a chattel mortgage to the plaintiff, Joseph J. Bodell, for
$350, covering the goods and chattels on the premises; prior
to that time there were several months' rent due, and in Oc-
tober, 1914, the landlord issued a distress warrant and the
constable sold all the right, title and interest of the tenant
in and to the goods on the premises for $25, the goods having
been previously appraised at $260; the chattel mortgagee,
the plaintiff in this action, contends that this sale was made
subject to the chattel mortgage, and that demand having been
made on the defendant in this case for the possession of the
goods, and refusal of the same having been made, plaintiff

in this action, the chattel mortgagee, is entitled to damages for conversion.

"This raises the question as to which is prior in law, a chattel mortgage or the lien of the landlord for rent, which in turn raises the question as to when the lien of the landlord attaches.

"In the case of *Woodside* v. *Adams*, 40 *N. J. L.* 417, the court held as follows:

" 'A landlord has no lien on the goods and chattels of his tenant for the payment of his rent, except such as is given by the statute. As against an officer seizing under execution, attachment or other process against the tenant, he may claim all rent due, not exceeding one year's rent, which shall have accrued before the removal of the goods from off the premises. He may also subject goods and chattels, the property of the tenant, to distress and sale as a means of obtaining satisfaction for his rent; but his lien under the warrant to distrain will relate to the time of actual seizure under the process of distress. In the meantime, the goods remain the property of the tenant, who may consume or use them or sell them at his pleasure. A chattel mortgage is, in law, a sale of the goods, and passes the title to them for the purpose for which it was made.

" 'The statute which authorizes a distress for rent expressly limits the right of distress to the goods and chattels of the 'tenant, "and no other person." * * * The chattel mortgage in this case having been made and delivered before the distress warrant was executed, the right of the mortgagee is superior to that of the landlord.'

"The only difference between the case of Woodside *v.* Adams, and the case in question, is that in the former case the chattel mortgage was placed on the goods before rent accrued, whereas in the case in question, some rent had accrued before the chattel mortgage was placed on record. No denial has been made as to the validity of the chattel mortgage. In my opinion, the landlord's lien under the distress warrant relates only to the time of the actual seizure under the process of distress, and the chattel mortgage in this case having been

on record for some three or four months prior to the actual seizure of these goods under the distress warrant, the lien of the chattel mortgage is prior to the lien of the landlord, and I deny the motion of the defendant for nonsuit.

"CHARLES B. CLANCY, *Judge.*"

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *Howe & Davis.*

For the appellee, *Borden D. Whiting.*

PER CURIAM.

The judgment of the District Court is affirmed, for the reasons stated by Judge Clancy in that court.